a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| REGINALD BALDWIN #63272-066,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-2111 SEC P |
| VERSUS | JUDGE FOOTE |
| USP POLLOCK, ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Complaint and Amended Complaint (ECF Nos. 1, 7) filed under *Bivens*[1] and the Federal Tort Claims Act ("FTCA") by pro se Plaintiff Reginald Baldwin ("Baldwin"). Baldwin is incarcerated at the United States Penitentiary in Thomson, Illinois. Baldwin complains that, while he was incarcerated at the United States Penitentiary in Pollock, Louisiana, Officer Edwards "acted unlawfully," causing an injury to Baldwin's face.

Because Baldwin's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), the Complaint and Amended Complaint (ECF Nos. 1, 7) should be DENIED and DISMISSED.

---

[1] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the United Sates Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

I.   Background

Baldwin alleges that, on September 6, 2020, he was returning from pill call wearing his face mask on which he had written: "North Philly," "Freedom," and "Black Republic." ECF Nos. 1, 7. He was stopped by Officer Edwards, who told Baldwin to give him the mask. ECF No. 1 at 4. Baldwin did not give Edwards the mask. Instead, he walked off and went outside in front of the lieutenant's office. *Id.* Officer Edwards charged toward him and tried to "slam" Baldwin on the ground. *Id.* Other officers assisted in placing Baldwin in restraints. *Id.* Baldwin alleges that Officer Edwards slammed his knee int the side of Baldwin's face, causing a scrape. *Id.*

Baldwin states that he filed an administrative complaint, which was denied by the Warden and appealed to the Regional Director. ECF No. 1 at 2. He also claims to have filed a tort claim, to which he received no response. *Id.*

In a Supplemental Complaint, Baldwin admits that he received a denial to his tort claim on June 28, 2022. ECF No. 11. The denial states that Baldwin was charged with violating numerous disciplinary rules and was convicted of Refusing to Obey an Order and Assault without Serious Injury. ECF No. 11-1 at 1. He was sanctioned with the loss of 21 days of good time credit and the loss of certain privileges. *Id.*

II.  Law and Analysis

   A.   Baldwin's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Baldwin is a prisoner who has been allowed to proceed *in forma pauperis*. Title 28 U.S.C. § 1915A provides for the preliminary screening of lawsuits filed by

2

prisoners seeking redress from an officer or employee of a governmental entity. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*); *Rosborough v. Mgmt. and Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003). Because Baldwin is proceeding *in forma pauperis*, his Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for sua sponte dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### B. Baldwin's claim is barred by *Heck*.

If a favorable judgment would necessarily imply the invalidity of a prisoner's conviction or the length of his confinement, a civil action seeking damages related to that conviction cannot be raised until the conviction has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a collateral proceeding or by the issuance of a federal writ of habeas corpus. *See Heck* 512 U.S. at 487. For purposes of *Heck*, a "conviction" includes a disciplinary case that results in the loss of good time credit. *See Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998); *Edwards v. Balisok*, 520 U.S. 641 (1997).

Baldwin's disciplinary conviction for the incident with Officer Edwards resulted in the loss of good time credits. Baldwin does not allege that the conviction was reversed, expunged, or declared invalid. Therefore, he cannot recover damages related to that incident. *See Davis v. Evans*, 5:15-CV-00138, 2018 WL 1406835, at *3-6 (E.D. Tex. 2018) (citing *Brown v. Vasquez,* Case No. 5:14cv198, Docket No. 18,

3

2015 WL 13662177 (N.D. Tex. 2015); *Hadnot v. Butler*, Case No. 4:08cv1304, 2008 WL 4200815 (S.D. Tex. 2008); *Powell v. Maddox*, Case No. 2:97cv280, 2003 WL 21518371 (N.D. Tex. 2003)).

*Heck* also applies to FTCA actions that imply the invalidity of a conviction.[2] Thus, Baldwin's FTCA claim against the United States for the alleged use of excessive force by Officer Edwards is also *Heck*-barred.

### III. Conclusion

Because Baldwin's claims are barred by *Heck* IT IS RECOMMENDED that the Complaint and Amended Complaint (ECF Nos. 1, 7) be DENIED and DISMISSED under §§ 1915(e)(2)(b) and 1915A, WITH PREJUDICE to being asserted again until such time as the *Heck* conditions are met.[3]

SIGNED on Monday, October 17, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

---

[2] *Cheek v. United States*, 4:19-CV-737, 2020 WL 6162045, at *5 (N.D. Tex. 2020), *appeal dismissed,* 20-11114, 2021 WL 1748400 (5th Cir. 2021) (citing *Turnbaugh v. United States*, 3:17-cv-334, 2019 WL 3804978, at *4 (N.D. Tex. 2019), *report and recommendation adopted*, 2019 WL 3803656 (N.D. Tex. 2019); *McLeod v. United States*, Nos. 6:05-cv-255, 6:05-cv-275, 2006 WL 8440427, at *2 (N.D. Tex. 2016)); *see also Ruiz v. United States*, 664 F. App'x 130, 134 (3rd Cir. 2016) (recognizing that FTCA claim that would result in a finding that good conduct time had been improperly deducted "would raise the same problems that led the Supreme Court to hold in *Heck* and *Edwards* that no constitutional civil rights cause of action accrued"); *Hinton v United States*, 91 F. App'x 491, 492 (6th Cir. 2004) ("[P]laintiff's claims are not cognizable under the FTCA insofar as a ruling in plaintiff's favor would imply the invalidity of plaintiff's prison disciplinary conviction") (citing *Parris v. United States*, 45 F.3d 383, 385 (10th Cir. 1995)).

[3] *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in *Heck* cases decrees, 'Plaintiffs [sic] claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met.'").